**DAVID R. PARTOVI**
PARTOVI LAW, P.S.
Attorneys for Defendant
900 N. Maple St, Ste 102
Spokane, WA 99201
Phone (509) 270-2141
Fax (509) 326-6102
kelsey@partovilaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> - vs - ) <br> ) <br> MATTHEW GUDINO-PENA ) <br> ) <br> Defendant. ) | CASE NO. 2:21-CR-00142-TOR <br><br> DEFENDANT GUDINO-PENA RESPONSE TO UNITED STATES' SENTENCING MEMORANDUM |

Comes now Defendant Gudino-Pena and presents the following response to the United States' Sentencing Memorandum (ECF 170).

There is only one fact Mr. Gudino-Pena wishes to present to the court regarding his conduct in this matter and that is that he joined this conspiracy in July of 2021 and was arrested on October 18th of 2021. So although the facts of this case are significant, much of it predates Mr. Gudino-Pena's involvement. With that said, he does take responsibility for his role in the conspiracy. He is not arguing that he had a minor role, nor that his guideline calculation is incorrect. He does not object to the pre-sentence investigation report and makes one plea to the Court: for a low-end guideline sentence.

The United States does not differentiate much between those portions of the conspiracy that predate Mr. Gudino's involvement. Instead, it writes "the

facts detailed below primarily address how the conspiracy . . . affected individual lives and impacted numerous communities in the Western United States." ECF 170, p 3-4.

This is appropriate, of course, but it is also appropriate to delineate what happened before versus after Mr. Gudino-Pena joined in the conspiracy. Mr. Gudino-Pena began his association with his co-conspirators innocuously enough by agreeing to join them on a trip from California to Arizona in July of 2021. Mr. Gudino-Pena's friend Barinder Dhaliwal saw him at Mr. Gudino-Pena's sister's residence, where he resided, from April to July of 2021. This was before he went to Arizona with Carr, O'Mealy and others and before he knew them. Once he was with them, he saw what they were doing. He could have and did not disassociate himself and eventually did join their enterprise. He has taken responsibility for his conduct, but wishes to inform the court that he was not a part of much of what is outlined in the United States' sentencing memorandum.

The other basis upon which Mr. Gudino-Pena asks the Court for a low-end guideline sentence is the fact that he will not be eligible for time credits under the First Step Act pursuant to 18 U.S.C. §3632(4)(d)(4)(D)(lxvi). This statute is dissimilar to the others right around it which address other substances and require the offender to have been a leader/organizer. Mr. Gudino-Pena was far from a leader/organizer and did not specifically choose the substance being distributed by the organization.

There is also a fact in Mr. Gudino-Pena's upbringing that did not make its way into the PSIR. His friend Barinder wrote the following to undersigned counsel in an email dated October 1, 2022:

Matthew Gudino-Pena and I met as freshmen in high school at Gustine high school. Both Matt and I were not from the area and were new to the group of kids at that school. Having

that in common, we became friends and remained close for all of high school. Matt and I played football together and although he did not start out that way, once we were playing football, he got his grades up and was doing well. He and I would go to movies together, went out and tried to get girls together and things were good.

What is important to know about Matt is that he never had a central stability in his life. He was always bouncing from house to house and never knew where he was going to sleep on a day-to-day basis. Matt never had any money and if he did not have a phone, we all knew it was going to be a while before we could contact him because he had no money and no person who was going to replace his phone for him. Because of this instability and lack of familial support, Matt was quick to be loyal to anyone who showed him any love, support or stability. I say this because although Matt was a little bit wild and liked to have a good time, he was no criminal. Now that I know something about what happened to him to get him in front of Your Honor, I think he probably got involved with some guys who showed him love, support and loyalty. I know that Matt would go to the ends of the earth for someone like that. I can't say what he did or did not do, but I can say that if he fell in with a group that he considered supportive of him, I could see him supporting them in return even if that support was criminal.

I want Your Honor to know that Mattew Gudino-Pena is a good person. I know he yearned for stability, a home and support. If he got that from the wrong group, I can see that being problematic for him given his upbringing, but I know he is no danger to any community and I hope the Court can have the utmost leniency in sentencing him given what I understand to be a pretty serious agreed sentence. Matthew does not need that. Matthew needed love and a home.

## SENTENCING RECOMMENDATION

For the reasons set forth herein, Mr. Gudino-Pena respectfully requests a sentence of 168 months, the low end of the applicable guideline range found at paragraph 198 of the presentence investigation report. (ECF 153 p. 34). Mr. Gudino-Pena is turned 22 years-old this past summer and has no criminal history whatsoever. (ECF 153 p.27). A sentence of 168 months is life-changing, as it should be. But there is no identified or discernable difference between this recommendation and that of the government that would uphold the goals of sentencing. It is respectfully submitted that a 14-year sentence for a 22-year-old is sufficient to achieve those goals. An additional 3 years, when

this young man will not be able to earn any additional time credits under the First Step Act is greater than necessary to achieve those goals.

DATED this 26th of October, 2022.

**PARTOVI LAW, P.S.**

*s/ David R. Partovi*
DAVID R. PARTOVI, WSBA #30611
Attorney for Matthew Gudino-Pena

CERTIFICATION

I hereby certify that on 26th day of October, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

| Stephanie A Van Marter<br>Assistant US Attorney<br>U S Attorney's Office - SPO<br>920 W Riverside Suite 300<br>P O Box 1494<br>Spokane, WA 99210-1494<br>stephanie.vanmarter@usdoj.gov | Richard R Barker<br>Assistant US Attorney<br>U S Attorney's Office - SPO<br>920 W Riverside Suite 300<br>P O Box 1494<br>Spokane, WA 99210-1494<br>richard.barker@usdoj.gov |
|---|---|

**PARTOVI LAW, P.S.**

*s/ David R. Partovi*
DAVID R. PARTOVI, WSBA #30611
Attorney for Matthew Gudino-Pena